PD-0042-15

CID# 0718569 Leticia McWilliams     02-10-2015

Attn: Please Review For Discretionary Review
Trial Cause Number 1174887
Court Of Appeals Number 02-14-00142-CR

Court Of Criminal Appeals

Angeli Sims

Cynthia Little John

FILED IN
COURT OF CRIMINAL APPEALS
FEB 13 2015
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 13 2015
Abel Acosta, Clerk

The information mailed 02-09-2015 and dated
02-09-2015. Is for the Discretionary Review already
submitted by my appeal attorney William H. "Bill" Ray
Texas Bar Card NO. 16608700. Filed January 07, 2015.

Information Mailed and Dated 02-09-2015:
• Letter Regarding Trial Error- Dated 02-09-2015
• Letter Regarding Petition To Revoke Probation Hearing
Trial Record- Dated 02-09-2015
• Signature Page- Filed Date January 19, 2011- Supplement/
Amendment To Conditions Of Community Supervision
• Signature Page- File Date July 22, 2011- Petition To
Revoke Probated Sentence
• Signature Page- Filed Date February 04, 2014- States
Second Petition To Revoke Probated Sentence
• Signature Page- Signed And Entered On April 10, 2014-
Judgment Revoking Community Supervision

Please review and compare the signatures for Judge
Robb Catalano.

Re-mailed 02-10-2015
Amended 02-09-2015

CTO#0718569  Leticia McWilliams ~~LMcW~~ 02-09-2015
Attn: Please Review For Discretionary Review Already
Submitted January 7, 2015
Trial Cause Number 1174887
Court Of Appeal Number 02-14-00142-CR

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

Division X Postconviction Remedies Chapter 91
Texas Criminal Practice Guide § 91.05

Trial Error:
• Knowing use of perjured testimony is now considered to be "trial error."
• A constitutional violation that is "trial error" occurs during the presentation of evidence and may be "quantitatively assessed in the context of other evidence" to determine whether the error was harmless [934 S.W. 2d at 372-73].

The Tarrant County Texas Probation Department's testimony was based on the document purporting to be a charging instrument that does not satisfy the constitutional requisites of a charging instrument. This document was used as evidence during the trial. The document is The State's Second Petition To Revoke Probated Sentence. The document contains false information and a a signature that does not belong to Judge Robb Catalano. Making the document a fraudulent document.

Leticia McWilliams

CID# 0718569

Cause NO. 1174887/Court Of Appeals NO. 02-14-00142-CR
Attn: Please Review For Discretionary Review Already Submitted January 07, 2015

Court Of Criminal Appeals
Angeli Sims
Cynthia LittleJohn

Petition To Revoke Probation Hearing Trial Record:
• Page 13 lines 10-13 regarding unpaid fees is false. All unpaid fees past due and present were court ordered to be paid upon my probation reinstatement October 13, 2011
• Page 15 lines 15-21 regarding my employment is false. I spent weekends in jail due to employment (being employed). My work schedule was always taken into consideration when scheduling probation appointments. Regarding employment and fees per page 36 lines 1-6, 20-25 and page 37 lines 1-6. I was required by probation to maintain proof of employment as well as status of employment. Probation was aware of the conflict between my work schedule and community service hours. I could not be forced or placed in a position to violate my probation. So the issue regarding community service when employed was never pressed/raised. Probation was aware I was missing a lot of work due to my illness, doctor appointments and probation requirements. Probation knew this was affecting my employment and income. Probation was very aware my illness caused me to lose my employment and my income. Probation was very aware my physical health condition prevented me from working and completing my community service requirements.
• Per Queidion Waldon on page 16 line 24 through page 17 line 7

regarding the SCRAM. I was asked to have the SCRAM put in place. Because at this point, they had it on more than once. This is false. I was not asked to have the SCRAM put in place.

• Page 20 line 5 Queinton Waldon confirms probation would not think an in-home device would be installed in a motel-hotel setting.

• Page 20 lines 9-13 Queinton Waldon confirms that probation has never required a probationer to install an in-home device in that type of setting or would recommend installing the device in that type of setting.

• Per Queinton Waldon on page 15 lines 15-24, probation allege I had never been employed nor supplied proof of my employment and that is a violation of my probation.

• Per Queinton Waldon on pages 15, 18, 22 and 23, probation was aware I was unemployed.

• Per Queinton Waldon on page 23 line 24 through page 24 line 11, probation had record of my employment until I was dismissed.

• Per Queinton Waldon on page 19 lines 1-5, probation did not know or have any idea I would not be able to pay for the device based on my history.

• Per Queinton Waldon on pages 13, 14, 15, 16, 18, 19, 22 and 23, probation was aware I failed to pay fees, I was in arrears and that is a violation of my probation.

• Per Salina Aguirre on page 29 lines 3-9, probation was aware I was ill and had no income.

COA NO. 02-14-00142-CR

Cause NO. 1174887

CID NO. 0718569

Leticia McWilliams

02-09-2015

# WILLIAM H. "BILL" RAY, P.C.
## ATTORNEY AT LAW
### 512 MAIN STREET, STE. 308
### FORT WORTH, TEXAS 76102

(817)698-9090                                      FAX (817)698-9092

January 7, 2014

Ms. Leticia McWilliams, CID # 0718569
Inmate, Tarrant County Jail
100 N. Lamar Street
Fort Worth, Texas 76102

Re:   Trial Cause Number 11774887
      Court of Appeals Number 02-14-00142-CR

Dear Ms. McWilliams,

    You will find enclosed a copy of the Petition for Discretionary Review that I filed for you today, in the above referenced case.
    I will let you know when I have a decision from the Court of Criminal Appeals.
    Thank you.

                                      Sincerely,

                                      William H. "Bill" Ray